**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

DANNY R. OWENS,

                Plaintiff,

vs.                                      Case No. 13-CV-37-FHM

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

## OPINION AND ORDER

Plaintiff, Danny R. Owens, seeks judicial review of a decision of the Commissioner

of the Social Security Administration denying Social Security disability benefits.[1]   In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the record as a whole contains substantial

evidence to support the decision and whether the correct legal standards were applied.

*See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less

than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]   Plaintiff's May 23, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 7, 2011.  By decision dated December 16, 2011, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on November 19, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 53 on the date of the ALJ's denial decision. He completed the tenth grade and formerly worked as overnight stocker. He claims to have been unable to work since May 27, 2009 as a result of breathing problems associated with obstructive lung disease.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). The ALJ found that Plaintiff is capable of returning to his past relevant work as an overnight stocker. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that ALJ erred: by failing to discuss a 2003 residual functional

capacity (RFC) assessment; failing to propound a proper hypothetical to the vocational

expert; failing to properly evaluate the medical source opinions; and failing to perform a

proper credibility determination.[2]

**Analysis**

2003 RFC Assessment

The record contains an RFC assessment completed by a state agency disability

determination service expert who reviewed Plaintiff's medical records in conjunction with

an earlier application for disability benefits.  [R. 306-313].  Plaintiff argues that it was error

for the ALJ to have failed to discuss that RFC assessment which indicates that he is

restricted to the performance of work at the sedentary exertional level.  Based on Plaintiff's

age, and other vocational factors, under the Medical Vocational Guidelines (Grids),[3] the

restriction to sedentary work would result in a finding that Plaintiff is disabled.

It is abundantly clear that the 2003 RFC assessment does not pertain to the time

period covered by the current application for benefits.  For Plaintiff's Title II (DIB) the

---

[2]  Some of Plaintiff's arguments pertain to the ALJ's finding that Plaintiff could return to his past relevant work.  However, the ALJ made alternative step 5 findings that there are other jobs in the economy that Plaintiff could perform with his limitations.  If the step five analysis was performed in accordance with applicable legal standards and is supported by substantial evidence, any step four error cannot, by itself, constitute the basis for a remand.  As a result, the court will not address Plaintiff's step four allegations.

[3]  The Grids are matrices of four factors– physical ability, age, education, and work experience.  The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy.  *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).  When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

3

relevant time period is from Plaintiff's alleged onset of disability date, May 27, 2009 to the date last insured, December 31, 2009.  For Plaintiff's Title XVI claim, the time period is from the date of Plaintiff's application for benefits, May 27, 2010 to the date of the ALJ's decision, December 16, 2011.

Plaintiff cites *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) and *Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) as supporting the proposition that "[e]ven evidence from previously adjudicated periods is relevant and must be considered."  [Dkt. 18, p. 2].  The court found nothing within the *Wall* case that addressed the discussion of evidence from previously adjudicated periods.

In *Hamlin*, four years before the current decision the same ALJ made an RFC finding that Mr. Hamlin could perform less than a wide range of light work and could not return to his past relevant work.  In the current decision using almost exactly the same language and relying on nearly the same evidence as the earlier decision, the ALJ arrived at a different RFC conclusion without providing any explanation for the different conclusion. In addition, the ALJ failed to give credence or explain why he rejected the medical reports and RFC assessments of Mr. Hamlin's treating physicians, nor did the ALJ explain why a five year old consultative examination report and agency RFC determination were given weight over the treating physicians.  *Hamlin*, 365 F.3d at 1224.  The Court said the ALJ's decision was reversed, in short, because the ALJ's RFC determination was not supported by substantial evidence and was contrary to the overwhelming medical evidence.  *Id*.  That is not the situation in the present case.

In this case the ALJ did not discuss the agency RFC report dated six years before the alleged onset of disability.  The ALJ did, however, state he considered the entire record and did discuss the current medical evidence which included a pulmonary function study, [R. 43], an exercise myocardial perfusion study, [R. 44], post knee surgery evaluations, *Id*., and the reports of physicians who treated Plaintiff from 2009 to 2011 for a variety of complaints.  [R. 42-45].  Where, as here, the ALJ indicates he has considered all the evidence, the court takes the ALJ at his word.  *Wall v. Astrue*, 561 F.3d 1048, 1070(10th Cir. 2009).  In this case there is every reason to abide by that well-established principle. In its entirety, the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he adequately considered Claimant's alleged impairments.

Moreover, Plaintiff has not presented anything to demonstrate that the 2003 RFC assessment is relevant to the time frames under consideration in this case which are at least six years after the 2003 assessment.  Since the ALJ fully discussed and appropriately evaluated the evidence generated during the time frame under consideration and since Plaintiff has not established that the 2003 RFC assessment pertains to the time frame under consideration, Plaintiff's arguments concerning the ALJ's failure to address the 2003 RFC and the applicability of the Grids based on the 2003 RFC have no merit.  Based on these considerations, the court has not addressed the 2003 RFC in connection with Plaintiff's other arguments.

<u>Hypothetical Questioning</u>

Plaintiff argues that the ALJ erred in failing to include depression in the hypothetical questioning to the vocational expert.  Plaintiff points out that he was treated for depression but that limitations related to the depression were omitted from the hypothetical and the

RFC.  Plaintiff does not, however, indicate what work-related limitations are related to his depression.  The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis.  *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*,  243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  Furthermore, it is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions.  The court will not "sift through" the record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).  Plaintiff has not demonstrated that the record contains any depression related limitations that should have been included in the hypothetical question or the RFC.

Consideration of Medical Source Opinions

The record contains a Medical Source Statement of Ability to do Work-Related Activities (Physical) form which was completed on September 29, 2011 by Kerri Ellis, a

nurse practitioner.  [R. 384-389].  On that form Ms. Ellis expressed her opinion that Plaintiff had the ability to work at less than the sedentary exertional level and that he would be absent from work three or more times per month.  Plaintiff argues that the ALJ failed to properly evaluate this opinion and that a proper evaluation would have resulted in a finding of disability.

The ALJ noted that as a nurse practitioner Ms. Ellis is not considered an acceptable medical source.  The ALJ observed that Ms. Ellis' assessment of the claimant's limitations is entirely "inconsistent with the evidence of record," [R. 45], it appears she relied heavily on the subjective symptoms reported, and the limitations described are not consistent with her own treatment notes.  *Id*.

Social Security Ruling (SSR) 06-3p, 2006 WL 2329939, requires that opinions even from those who are not "acceptable medical sources" be evaluated and weighed. According to SSR 06-3p, information from those who are not "acceptable medical sources" cannot establish the existence of a medically determinable impairment, but information from those "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment and how it affects the ability to function. *Id*. at *2.  Accordingly, SSR 06-3p instructs that information from "other sources" should be evaluated on the basis of how long the source has known the claimant and how frequently the source has seen the individual, the consistency with the other evidence, the degree to which the source presents relevant evidence to support an opinion, how well the source explains the opinion, whether the source has a particular expertise related to the individual's impairment, and any other factors that tend to support or refute the opinion.

*Id*. at * 5.  The ALJ's analysis discussed most of these factors.  The court finds that the ALJ properly evaluated Ms. Ellis' opinion.

It is not accurate to say, as Plaintiff does, [Dkt. 18, p. 6], that the ALJ failed to demonstrate the inconsistencies between Ms. Ellis' opinion and the other evidence of record.  Throughout the ALJ's decision, he pointed out the points where tests reflected minimal findings:  MRI of the brain; carotid Doppler studies; CT of the chest; pulmonary function study; normal range of motion of all extremities; exercise myocardial perfusion study; and normal range of motion of knee.  [R. 41-43].  The court finds that the ALJ's discussion of the evidence is sufficient to enable the court to follow the ALJ's reasoning. *See Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013), 2013 WL 4405723 (finding ALJ's explanation of the weight he assigned to physician assistant's opinion was sufficient to enable the court to follow the ALJ's reasoning).

<u>Credibility Analysis</u>

Plaintiff asserts that the ALJ failed to perform a minimal discussion of credibility factors, erroneously failed to find that his complaints were supported by findings, and included boilerplate language in the decision.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

Among other reasons for finding Plaintiff's allegations not credible, the ALJ noted Plaintiff's description of his symptoms and limitations have been inconsistent and

8

unpersuasive, there are no references in the record to support the significant limitations Plaintiff alleges, and the physical findings and supporting clinical data do not closely corroborate or correlate with Plaintiff's subjective complaints.  [R. 45].  Given the ALJ's through discussion of the medical evidence, the court finds that the ALJ cited sufficient grounds tied to the evidence for the credibility finding.

Plaintiff argues that the ALJ's decision should be reversed because the credibility analysis contains stock boilerplate language.  The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is insufficient to support an ALJ's credibility determination.  However, the Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.  *Cf. Boehm v. Astrue*, 2013 WL 541067 at *2 (10th Cir. 2013) (rejecting the same argument advanced in this case), *Polson v. Astrue*, 2013 WL 238849 at *2 (10th Cir. 2013) (same), *Strickland v. Astrue*, 2013 WL 3935755 at *7 (10th Cir. 2012) (same).  The court finds that the ALJ supported his credibility findings and appropriately related them to the record.

### Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

DATED this 3rd day of December, 2013.

9

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE